UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

  **v.**                                                 Case No. 25-CR-29

**DARRELL TYLER,**

    **Defendant.**

---

### ORDER ON DEFENDANT'S MOTION
### TO VACATE DETENTION ORDER AND SET BOND

---

Darrell Tyler, who was ordered detained pending jury trial, moves to vacate his detention order and have bond set. (Docket # 28.) The government has responded in opposition to the motion. (Docket # 30.)

On February 25, 2025, a federal Grand Jury in the Eastern District of Wisconsin returned a three-count indictment against the defendant. (Docket # 1.) Count One charges a Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2(a); Count Two charges brandishing of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2(a); and Count Three charges possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

On March 6, 2025, Tyler made his initial appearance. The government moved for detention. Tyler argued for release with conditions. Pretrial Services recommended detention. After considering the parties' arguments and pretrial services' recommendation, I ordered Tyler detained pending trial.

Tyler now moves to vacate the detention order and requests release with conditions. As an initial matter, it is unclear whether Tyler moves to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f) or whether he seeks to appeal the detention order under 18 U.S.C. § 3145(b), as understood by the government's response. Out of an abundance of caution, I address Tyler's motion under § 3142(f). If, however, he intended for the district judge to review and vacate the detention order, he should clarify that his motion is made pursuant to § 3145(b).

Under 18 U.S.C. § 3142(f), after a defendant has been detained, a judicial officer may reopen the detention hearing if the judicial officer finds that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

At the detention hearing, I concluded that given Tyler's life-long residency in Milwaukee and his family ties, he had rebutted the presumption of detention. However, after considering the factors under § 3142(g), I found that detention was appropriate based on Tyler's prior record, the presumption of detention, the weight of the evidence, and the fact that he was subject to a lengthy period of incarceration if convicted. Even considering Tyler's motion for release anew, he presents nothing that warrants reconsidering the order to detain him pending trial. Accordingly, Tyler's motion, construed as a motion reopen his detention hearing, is hereby **DENIED**.

**SO ORDERED** this 19th day of May 2025, at Milwaukee, Wisconsin.

_____
NANCY JOSEPH
United States Magistrate Judge

3